**Maharana Pratap BATRA, Plaintiff,**

v.

**INVESTORS RESEARCH CORPORATION, et al., Defendants,**

**and**

**Twentieth Century Investors, Inc., Nominal Defendant.**

**No. 91–0190–CV–W–6.**

United States District Court, W.D. Missouri, W.D.

June 9, 1992.

Alvin D. Shapiro, Law Office of Alvin D. Shapiro, Kansas City, Mo., Krishnan Chittur, Goodking, Labaton, Rudoff & Sucharow, New York City, for plaintiff.

Sandra L. Schermerhorn, Spencer, Fane, Britt & Browne, Raymond L. Dahlberg, Niewald, Waldeck & Brown, P.C., Kansas City, Mo., James N. Benedict, Rogers & Wells, New York City, for Investors Research Corp., Twentieth Century Services, Inc., Twentieth Century Companies, Inc., James E. Stowers, Jr. and James E. Stowers, III.

Charles W. Hess, Jr., Smith, Gill, Fisher & Butts, Inc., Overland Park, Kan., Craig S. O'Dear, Phillip G. Greenfield, Bryan Cave, Kansas City, Mo., for Thomas Alan Brown, Robert W. Doering, Irving Kuraner, Linsley L. Lundgaard and John M. Urie.

George M. Bock, James R. Mueller, Slagle, Bernard & Gorman, Kansas City, Mo.

Charles W. Hess, Jr., Smith, Gill, Fisher & Butts, Inc., Overland Park, Kan., James R. Hess, Hillix, Brewer, Hoffaus, Whittaker & Wright, Craig S. O'Dear, Phillip G. Greenfield, Kansas City, Mo., for Twentieth Century Investors, Inc.

## ORDER

SACHS, Chief Judge.

Plaintiff filed a motion to compel the Management Defendants to produce documents in this case. The court dismissed the plaintiff's state law claims, leaving only a claim for relief under Section 36(b) of the Investment Company Act of 1940.

### A.

The defendants refuse to produce documents relating to Twentieth Century portfolios other than the U.S. Government fund. A motion for reconsideration is pending regarding the plaintiff's standing to bring this action on behalf of other funds. The defendants contend that the plaintiff agreed to postpone discovery about the other funds "until a reasonable time after ... the issues with respect to plaintiff's standing to represent shareholders of funds other than the Cash Reserve money market fund are resolved." (Stipulation and Order dated August 31, 1989).[1]

The plaintiff submits evidence that the parties subsequently agreed to postpone discovery of these documents until the court ruled the motion for summary judgment. (Chittur affidavit, Exhibit D; Rashkover affidavit, Exhibit D). Upon denial of the summary judgment motion, plaintiff's obligations under the parties' modified agreement ceased. Because the pendency of dispositive motions is not the proper basis for refusal to produce evidence, the plaintiff's motion to compel production of documents relating to the other funds is granted.

A second reason for granting the motion to compel is that ruling the motion for reconsideration does not affect the relevancy of the information sought. The other funds' payments to the investment advisor may be relevant to determine the excessive nature of the payments to the U.S. Government fund. Such payments may constitute "fallout benefits" and may be helpful for comparative purposes. See "C" below.

### B.

The plaintiff also seeks to discover documents relating to events which occurred prior to March 1, 1990. The defendants object that the evidence relates to state law claims which since have been dismissed. The plaintiff argues that the documents are also relevant to the § 36(b) claim of excessive compensation because the documents show "ritualistic" approval of management agreements awarding excessive fees to the investment advisor.

The defendants counter that § 36(b) carries a one-year statute of limitations. Consequently, the defendants argue that deliberations which occurred prior to one year before the fees at issue are irrelevant.

Although the plaintiff did not address this issue in his reply brief, the court will grant the motion to compel with regard to this issue. The court is unaware of any case law or statute which provides that the limitations period establishes the time boundaries for relevant evidence. Evi-

1. The plaintiff exchanged Cash Reserve shares for U.S. Government shares since signing the stipulation.

dence regarding repeated approval of the management agreement may reflect upon the excessive nature of the fees. Consequently, the motion to compel with regard to this issue is granted.

### C.

 Finally, the defendants object to producing documents pertaining to defendants' other clients, because the other clients are pension funds whose fees are not relevant and not likely to lead to the discovery of admissible evidence. Plaintiff seeks the evidence because the advisors manage other portfolios and allegedly pocket those fees without passing on the benefit to TCI. These "fall-out benefits" should be considered in determining whether a § 36(b) violation has occurred. *Krinsk v. Fund Asset Management, Inc.*, 875 F.2d 404 (2d Cir.1989). Consequently, the documents are discoverable.

Defendants cite *Gartenberg v. Merrill Lynch Asset Management*, 694 F.2d 923, 930 n. 3 (2d Cir.1982), *cert. denied*, 461 U.S. 906, 103 S.Ct. 1877, 76 L.Ed.2d 808 (1983), and *Bromson v. Lehman Management Co.*, Fed.Sec.L.Rep. (CCH) 92,521, 1986 WL 165 (S.D.N.Y. Mar. 13, 1986), for the proposition that the information relating to other firms is neither relevant nor likely to lead to the discovery of admissible evidence.

*Gartenberg* and *Bromson* do not prevent plaintiff from discovering the information he seeks, but they do limit its use. Neither *Gartenberg* nor *Bromson* exclude evidence of payments from other clients for purposes of showing fallout benefits, but both cases hold that advisory fees from dissimilar clients such as pension funds are not relevant for comparative purposes. Therefore, absent compelling reasons to the contrary, the court will adhere to these holdings at trial.

 However, the Second Circuit held that rates charged by other advisers to other similar funds could be a factor to be taken into account, particularly to the extent that other managers have reduced their charges as the funds grow in size. *Gartenberg*, 694 F.2d at 929. Presumably, therefore, rates charged by IRS to other similar funds would also be relevant for comparative purposes.

Consequently, it is hereby

ORDERED that the plaintiff's motion to compel is GRANTED. It is further

ORDERED that the parties shall submit within fifteen (15) days of the date of this order a joint amended scheduling order for these cases which will extend the discovery period and other deadlines to accommodate the court's order. It is further

ORDERED that the Clerk of the Court shall add the plaintiff's out-of-town attorney, Krishnan S. Chittur, to the mailing list for this case. The address is as follows:

Goodking Labaton Rudoff & Sucharow
112 East 42nd Street
New York, NY 10168–0102